**Earl Langston**
3030 N Estrella Ave #4
Tucson, Arizona 85705
(520) 333-7671
iamelangston@yahoo.com
**Pro Se Plaintiff**

FILED _____ LODGED
RECEIVED _____ COPY

FEB 2 5 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT

## FOR THE DISTRICT OF ARIZONA

## TUCSON DIVISION

| | |
|---|---|
| Earl Langston,<br><br>          Plaintiff,<br><br>     vs.<br><br>Strike Acceptance Inc.; Experian Information Solutions, Inc.; Equifax Information Services LLC; Trans Union LLC; Affordable Autos of Tucson; Split Rock Holdings, LLC; Alpha Recovery,<br><br>          Defendant. | Case No.: CV 25-00536-TUC-JCH (MAA)<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Jury Trial Demanded)**<br><br>**Assigned to :**<br>**Honorable John C. Hinderaker** |

## NOTICE OF NAME REFERENCE

Plaintiff's full legal name is **Earl Langston**, also known as **Earl Pileggi**. Some employment, financial, and credit records attached as exhibits may display the name "Earl Pileggi." Both names identify the same individual. This clarification is included so the Court can reconcile any differences in documentation

1

First Amended Complaint

**Plaintiff Earl Langston, appearing pro se, alleges as follows:**

## I. PARTIES

1. Plaintiff Earl Langston is a natural person residing in Tucson, Arizona, and is a consumer as defined under 15 U.S.C. §1681a(c) and 15 U.S.C. §1692a(3).

2. Defendant Strike Acceptance Inc. is engaged in the business of purchasing, servicing, collecting, enforcing, and furnishing information regarding consumer retail installment contracts.

3. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined under 15 U.S.C. §1681a(f).

4. Defendant Equifax Information Services LLC is a consumer reporting agency as defined under 15 U.S.C. §1681a(f).

5. Defendant Trans Union LLC is a consumer reporting agency as defined under 15 U.S.C. §1681a(f).

6. Defendant Affordable Autos of Tucson originated the retail installment contract at issue.

7. Defendant Split Rock Holdings, LLC owned, controlled, and operated Affordable Autos of Tucson and is liable under agency, alter ego, and successor liability doctrines.

First Amended Complaint

8. Defendant Alpha Recovery acted as agent, contractor, and authorized repossession entity for Strike Acceptance Inc.

## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under federal law including the Fair Credit Reporting Act (15 U.S.C. §1681 et seq.), Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.), and Truth in Lending Act (15 U.S.C. §1601 et seq.).

10. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. §1367.

11. Venue is proper pursuant to 28 U.S.C. §1391 because Defendants transact business in this District and the events occurred within this District.

## III. STATEMENT OF FACTS

12. Plaintiff entered into a motor vehicle retail installment contract for personal, family, or household purposes.

13. Affordable Autos of Tucson originated and assigned the contract to Strike Acceptance Inc.

14. Arizona law requires entities engaged in purchasing, holding, servicing, or enforcing motor vehicle retail installment contracts to possess a valid Arizona Sales Finance Company License.

3

First Amended Complaint

15. At the time Strike Acceptance Inc. acquired, serviced, enforced, furnished, and collected upon Plaintiff's contract, Strike Acceptance Inc. **did not** possess the required Arizona Sales Finance Company License.

16. Despite lacking lawful authority, Strike Acceptance Inc. represented that it possessed authority to enforce the contract.

17. Strike Acceptance Inc. demanded payment and collected money from Plaintiff.

18. Strike Acceptance Inc. furnished information regarding Plaintiff's account to Experian, Equifax, and Trans Union.

19. Plaintiff disputed the account and notified Defendants of inaccuracies and unlawful enforcement.

20. Defendants continued enforcement and reporting despite notice.

21. Alpha Recovery repossessed Plaintiff's vehicle at Strike Acceptance Inc.'s direction.

22. The repossession was conducted without lawful authority and constituted a **breach of the peace.**

23. Strike Acceptance Inc. is liable for Alpha Recovery's conduct under agency and respondeat superior principles.

24. Defendants' conduct caused Plaintiff financial harm, credit damage, emotional distress, and economic injury.

4

## IV. ALTERNATIVE FACTS REGARDING ENFORCEMENT CAPACITY, DURESS, AND UNCONSCIONABILITY

25. In the alternative, Defendants engaged in coercive and **unconscionable** enforcement conduct.

26. Plaintiff lacked meaningful opportunity to negotiate enforcement terms.

27. Enforcement actions were imposed under threat of repossession.

28. Defendants' conduct constituted procedural and substantive unconscionability.

29. Enforcement of the contract under these conditions is inequitable and unlawful.

## V. CAUSES OF ACTION

COUNT I – Fair Credit Reporting Act (15 U.S.C. §1681s-2, §1681b) Against Strike Acceptance Inc.

30. Strike Acceptance Inc. furnished information regarding Plaintiff to consumer reporting agencies.

31. Strike Acceptance Inc. failed to conduct a reasonable investigation after receiving notice of Plaintiff's disputes.

32. Strike Acceptance Inc. accessed, used, and/or furnished Plaintiff's consumer report **without** a lawful **permissible purpose** as required under 15 U.S.C. §1681b.

First Amended Complaint

33. At the time of furnishing and accessing Plaintiff's consumer report, Strike Acceptance Inc. lacked lawful authority to enforce the account due to absence of required licensing.

34. Because Strike Acceptance Inc. lacked lawful authority to enforce the account, any access to, use of, or furnishing of Plaintiff's consumer report was **without permissible purpose.**

35. Strike Acceptance Inc.'s conduct was willful and/or negligent within the meaning of 15 U.S.C. §1681n and §1681o.

COUNT II – Fair Credit Reporting Act (15 U.S.C. §1681e(b), §1681i) Against Experian, Equifax, and Trans Union

36. Consumer reporting agencies prepared and furnished consumer reports concerning Plaintiff.

37. Consumer reporting agencies failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report as required under 15 U.S.C. §1681e(b).

38. Consumer reporting agencies failed to conduct a reasonable reinvestigation after receiving Plaintiff's disputes as required under 15 U.S.C. §1681i.

39. Consumer reporting agencies continued reporting information supplied by an entity lacking lawful authority, thereby publishing inaccurate and misleading information.

6

First Amended Complaint

COUNT III – Fair Debt Collection Practices Act (15 U.S.C. §1692e, §1692f) Against Strike Acceptance Inc. and Alpha Recovery

35. Defendants attempted collection without lawful authority.

36. Defendants used unfair and deceptive practices.

COUNT IV – Arizona Consumer Fraud Act (A.R.S. §44-1522) Against All Defendants

37. Defendants engaged in deceptive conduct.

COUNT V – Fraud (Arizona Common Law) Against Strike Acceptance Inc., Affordable Autos of Tucson, and Split Rock Holdings, LLC

38. Defendants represented lawful enforcement authority.

39. These representations were false.

40. Defendants knew or should have known they were false.

41. Plaintiff relied upon these representations.

42. Plaintiff suffered damages as a result.

COUNT VI – Wrongful Repossession and Breach of Peace Against Strike Acceptance Inc. and Alpha Recovery

43. Alpha Recovery repossessed without lawful authority.

44. Alpha Recovery committed **breach of peace.**

45. Strike Acceptance Inc. is liable under agency principles.

7

COUNT VII – Unjust Enrichment Against All Defendants

46.Defendants received benefit without lawful authority.

47.Retention of benefit is unjust.

## VI. DAMAGES

48.Plaintiff suffered damages including financial loss, credit harm, and emotional distress.

49.Plaintiff seeks statutory, actual, punitive, and equitable relief.

## VII. JURY DEMAND

50.Plaintiff demands trial by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A. Statutory damages;

B. Actual damages;

C. Punitive damages;

D. Costs and fees;

E. Equitable relief;

F. Any additional relief the Court deems proper.

First Amended Complaint

DATED this _18_ day of _February_, 2026.

**Signature:** _Earl J Langston_
**Printed Name:** Earl Langston

Earl Langston
3030 N Estrella Ave #4 Tucson, AZ 85705

Telephone: 520-333-7671
Email: iamelangston@yahoo.com
Plaintiff, Pro Se

First Amended Complaint