**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Earl J. Langston,<br>Plaintiff,<br>v.<br>Strike Acceptance Incorporated, a California corporation; Trans Union, LLC; et al.,<br>Defendants. | CV 25-00536-TUC-JCH (MAA)<br><br>REPORT AND RECOMMENDATION |

Pending before the court is a motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6), filed on August 4, 2026, by the defendant Trans Union, LLC. Doc. 28. The plaintiff did not file a response.

The action was referred to the Magistrate Judge for a Report and Recommendation in accordance with the Local Rules of Practice. Doc. 10.

The plaintiff in this action, Earl J. Langston, "entered into a motor vehicle retail instalment contract." Amended Complaint, Doc. 14, p. 3. The contract was assigned to the defendant Strike Acceptance. *Id*.

It appears that Langston defaulted on the loan because the vehicle was eventually repossessed. Doc. 14, pp. 3-4. He asserts, however, that Strike Acceptance lacked lawful authority to enforce the account because it failed to possess the required Arizona Sales Finance Company License. Doc. 14, p. 4. Strike Acceptance furnished information about Langston's account to the defendants Experian, Equifax, and Trans Union. *Id*. Langston disputed the account as reported and "notified Defendants of inaccuracies and unlawful enforcement." *Id*.

In his Amended Complaint, Langston brings a cause of action in Count II against the defendant Trans Union under the Fair Credit Reporting Act (15 U.S.C. § 1681e(b), § 1681i). Doc. 14, p. 6. He alleges that Trans Union prepared and furnished consumer reports concerning the plaintiff. Doc. 14, p. 7. He alleges that Trans Union "failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report as required under 15 U.S.C. § 1681e(b)." *Id*. He alleges that Trans Union "failed to conduct a reasonable reinvestigation after receiving Plaintiff's disputes as required under 15 U.S.C. § 1681i." *Id*. He asserts that Trans Union "continued reporting information supplied by an entity lacking lawful authority, thereby publishing inaccurate and misleading information." *Id*.

In Count IV, he brings an action against Trans Union for "deceptive conduct," pursuant to the Arizona Consumer Fraud Act (A.R.S. § 44-1522), and in Count VII for unjust enrichment. Doc. 14, pp. 7, 8. Counts IV and VII appear to be based on the same allegations offered to support Count II.

On August 4, 2026, the defendant Trans Union filed the pending motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6). Doc. 28. The Amended Complaint alleges that Trans Union's credit report is inaccurate and misleading because Strike Acceptance lacks lawfully authority to enforce the account. Doc. 14, p. 7. Trans Union argues that this is a legal dispute, which the credit agencies are neither equipped nor required to resolve. Doc. 28, p. 3. Accordingly, Trans Union asserts that the Amended Complaint, to the extent it alleges a cause of action against it, must be dismissed for failure to state a claim upon which relief can be granted. The court agrees.

Standard of Review: Rule 12(b)(6)

"A Rule 12(b)(6) motion tests the legal sufficiency of the claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011); Fed.R.Civ.P. The claim must allege a legally cognizable

theory of relief and include factual allegations sufficient to support that theory. *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

"All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). But the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) (punctuation modified). "Dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Id.*

<u>Discussion</u>

"The FCRA [Fair Credit Reporting Act] requires CRAs [Credit Reporting Agencies] to 'follow reasonable procedures to assure the maximum possible accuracy' of consumer reports, 15 U.S.C. § 1681e(b), and to 'conduct a reasonable reinvestigation' upon receiving notice of a consumer dispute, [15 U.S.C.] § 1681i(a)(1)(A)." *Harris v. Experian Info. Sols. Inc.*, No. CV-25-04761-PHX-SHD, 2026 WL 1194575, at *3 (D. Ariz. May 1, 2026). "To state a claim under either provision, a plaintiff must first make a prima facie showing of inaccurate reporting by the CRA." *Id.* (punctuation modified). "Information on a consumer report is 'inaccurate' if it is 'patently incorrect' or 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.* "Without a cognizable inaccuracy, courts need not consider whether the CRA had reasonable procedures or conducted reasonable reinvestigations." *Id.* (punctuation modified).

In this case, Langston asserts that Trans Union reported "inaccurate and misleading information" because that information came from an "entity lacking lawful authority" to

enforce the account. Doc. 14, p. 6. In other words, Langston asserts that he has a legal defense to the debt and argues that Trans Union should have evaluated that defense before reporting the debt.

"The Ninth Circuit has squarely held that such disputes are not cognizable against a CRA [Credit Reporting Agency] under the FCRA [Fair Credit Reporting Act]." *Harris*, at *3. "In *Carvalho v. Equifax Info. Servs., LLC*, the Ninth Circuit explained that credit reporting agencies are not tribunals." *Id*. (punctuation modified) (citing 629 F.3d 876, 891 (9th Cir. 2010)). "They simply collect and report information furnished by others." *Id*. "Because CRAs are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims." *Id*.

Langston fails to allege a cognizable inaccuracy for the purposes of the FCRA. Trans Union's motion to dismiss should be granted without leave to amend. Further amendment would be futile. *See, e.g., Harris v. Experian Info. Sols. Inc*., No. CV-25-04761-PHX-SHD, 2026 WL 1194575, at *6 (D. Ariz. May 1, 2026) (Where the plaintiff bought a bicycle with her Discover card and failed to pay the balance and the CRA report accurately reflected the debt, FCRA action was dismissed without leave to amend even though the plaintiff argued that she returned the bicycle to Target and Target gave her a gift card rather than crediting her account.).

<u>RECOMMENDATION:</u>

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order

Granting the motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6), filed on August 4, 2026, by the defendant Trans Union LLC. Doc. 28.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not

timely filed, the party's right to de novo review may be waived. The Local Rules permit the filing of a response to an objection. They do not permit the filing of a reply to a response without the permission of the District Court.

DATED this 15th day of September, 2026.



Honorable Michael A. Ambri
United States Magistrate Judge