**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Earl J. Langston,<br><br>Plaintiff,<br><br>v.<br><br>Strike Acceptance Incorporated, a California corporation; Trans Union, LLC; et al.,<br><br>Defendants. | CV 25-00536-TUC-JCH (MAA)<br><br>REPORT AND RECOMMENDATION |

Pending before the court is a motion to compel arbitration and stay proceedings, filed on August 10, 2026, by the defendant Strike Acceptance. Doc. 29. The plaintiff did not file a response.

The action was referred to the Magistrate Judge for a Report and Recommendation in accordance with the Local Rules of Practice. Doc. 10.

The plaintiff in this action, Earl Langston, "entered into a motor vehicle retail instalment contract." Amended Complaint, Doc. 14, p. 3. The contract was assigned to the defendant Strike Acceptance. *Id*. It appears that Langston defaulted on the loan because the vehicle was eventually repossessed. Doc. 14, pp. 3-4. He asserts, however, that Strike Acceptance lacked lawful authority to enforce the account because it failed to possess the required Arizona Sales Finance Company License. Doc. 14, p. 4.

In Count I of the Amended Complaint, Langston claims that Strike Acceptance violated the Fair Credit Reporting act by, among other things, furnishing information to Credit Reporting Agencies when Strike Acceptance lacked lawful authority to enforce the account. Doc. 14, pp. 5-6.

In Count III, Langston claims that Strike Acceptance violated the Fair Debt Collection Practices Act by attempting a collection without lawful authority, among other things. Doc. 14, p. 7.

In Counts IV, V, VI, and VII, Langston claims that Strike Acceptance violated the Arizona Consumer Fraud Act, committed fraud, committed wrongful repossession and breach of peace, and was unjustly enriched, respectively.

On August 10, 2026, Strike Acceptance filed the pending motion to compel arbitration and stay proceedings. Doc. 29. The plaintiff did not file a response.

Discussion

"Any party bound to an arbitration agreement that falls within the scope of the Federal Arbitration Act ('FAA'), 9 U.S.C. § 1, et seq., may bring a motion to compel arbitration and stay the proceeding pending resolution of the arbitration. *Lott v. Upgrade Inc.*, No. CV-25-02299-PHX-DMF, 2025 WL 3677090, at *2 (D. Ariz. Dec. 18, 2025) (citing 9 U.S.C. §§ 3, 4). "The FAA applies to a written provision in any contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction." *Id.* (citing 9 U.S.C. § 2) (punctuation modified). "The party seeking to compel arbitration must prove the existence of a valid agreement by a preponderance of the evidence." *Id.* (*citing Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1219 (9th Cir. 2019)). "A court reviewing a motion to compel arbitration must consider two issues: (1) whether the parties agreed to arbitrate, and (2) whether the agreement to arbitrate encompasses their present dispute(s)." *Id.* "If the answer is yes to both questions, the court must enforce the agreement." *Id.* (*quoting Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004)). "In reviewing a motion to compel arbitration, the court considers all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits." *Id. (quoting Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702, 705 (9th Cir. 2024)) (punctuation modified).

"[T]he FAA establishes a liberal federal policy favoring arbitration agreements and directs courts to treat arbitration agreements as valid, irrevocable, and enforceable." *Lott v. Upgrade Inc.*, No. CV-25-02299-PHX-DMF, 2025 WL 3677090, at *3 (D. Ariz. Dec. 18, 2025) (punctuation modified). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* "Courts should thus construe ambiguities concerning the scope of arbitrability in favor of arbitration." *Id.* (Punctuation modified).

"In determining whether a valid arbitration agreement exists and the scope of arbitration, federal district courts apply state contract law principles." *Id.* "Under Arizona law, there must be an offer, an acceptance, consideration, and sufficient specification of terms for an enforceable contract to exist." *Id.* (Punctuation modified). "When parties bind themselves by a lawful contract, the terms of which are clear and unambiguous, a court must give effect to the contract as written." *Id.*

Strike Acceptance explains that Langston entered into a "Retail Instalment Sale Contract – Simple Finance Charge (With Arbitration Provision)" for the purchase of a used GMC on October 27, 2021. Doc. 29, pp. 1, 8. The Contract states as follows:

> By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Doc. 29, p. 2 (citing Ex. 1 at 1). The Arbitration Provision explicitly states that "Either you or we may choose to have any dispute between us decided by arbitration and not in court or by a jury trial." Doc. 29, p. 2. Langston signed the page containing the arbitration provision. *Id.* Langston also signed on the final signature line, which cautions that he should "Read all pages of this contract, including the arbitration provision on Page 5, before signing below." Doc. 29, p. 3. The contract was signed on behalf of the seller by the manager of Affordable Autos of

Tucson. Doc. 29, p. 13. Affordable Autos of Tucson assigned the contract to Strike Acceptance, Inc. Doc. 29, p. 13; Amended Complaint, Doc. 14, ¶ 13.

The parties agreed that either of them may choose to arbitrate "any dispute." Doc. 29, p. 2 (citing Ex. 1 at 1). Strike Acceptance has proven the existence of a valid agreement by a preponderance of the evidence. The arbitration agreement should be enforced.

"When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA [Federal Arbitration Act] compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478, 144 S. Ct. 1173, 1178, 218 L. Ed. 2d 494 (2024). Accordingly, this action should be stayed pending arbitration.

<u>RECOMMENDATION:</u>

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order

Granting the motion to compel arbitration and stay proceedings, filed on August 10, 2026, by the defendant Strike Acceptance. Doc. 29.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. The Local Rules permit the filing of a response to an objection. They do not permit the filing of a reply to a response without the permission of the District Court.

DATED this 16th day of September, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge