**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Earl J Langston,

Plaintiff,

v.

Strike Acceptance Incorporated, et al.,

Defendants.

No. CV-25-00536-TUC-JCH (MAA)

**ORDER**

Before the Court are two Reports and Recommendations ("R&Rs") issued by Magistrate Judge Michael A. Ambri. The first R&R (Doc. 34) recommends granting Defendant Strike Acceptance Incorporated's Motion to Compel Arbitration and Stay Proceedings (Doc. 29). The second R&R (Doc. 32) recommends granting Defendant Trans Union LLC's Motion to Dismiss for Failure to State a Claim (Doc. 28). Neither party objected to either R&R. *See generally* Docket.

A district court reviews objected-to portions of an R&R *de novo*. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). Failure to timely object may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (en banc). The Court reviews for clear error any unobjected-to portions of the R&R. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

After independent review, the Court finds no clear error in either R&R. As to Strike Acceptance, the record plainly establishes that Plaintiff entered into a written agreement

containing an arbitration provision permitting either party to elect binding arbitration of disputes arising from the agreement. Doc. 29 at 2. The Magistrate Judge correctly concluded that the arbitration agreement is enforceable and that Plaintiff's claims against Strike Acceptance fall within its scope. Doc. 34 at 2–4. Because Strike Acceptance requested a stay pending arbitration, the Federal Arbitration Act requires the Court to stay the proceedings pending completion of arbitration. 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

As to Trans Union, Plaintiff's claims rest on his allegation that Strike Acceptance lacked lawful authority to enforce or report the underlying debt. Doc. 14 at 4–7. As explained in the R&R, that allegation presents a legal dispute concerning the validity of the debt rather than a cognizable factual inaccuracy in Plaintiff's credit report. Doc. 32 at 3–4. The Court agrees that Plaintiff has failed to state a claim against Trans Union and that further amendment would be futile.

Accordingly,

**IT IS ORDERED ADOPTING** in full the R&R concerning Defendant Strike Acceptance Incorporated's Motion to Compel Arbitration and Stay Proceedings (Doc. 34).

**IT IS FURTHER ORDERED GRANTING** Defendant Strike Acceptance Incorporated's Motion to Compel Arbitration and Stay Proceedings (Doc. 29).

**IT IS FURTHER ORDERED** that Plaintiff and Defendant Strike Acceptance Incorporated shall proceed to arbitration in accordance with their arbitration agreement.

**IT IS FURTHER ORDERED ADOPTING** in full the R&R concerning Defendant Trans Union LLC's Motion to Dismiss (Doc. 32).

**IT IS FURTHER ORDERED GRANTING** Defendant Trans Union LLC's Motion to Dismiss (Doc. 28). Plaintiff's claims against Trans Union LLC are dismissed without leave to amend.

**IT IS FURTHER ORDERED DIRECTING** the Clerk of Court to terminate Trans Union LLC as a defendant in this action.

///

**IT IS FURTHER ORDERED STAYING** this action pending completion of arbitration.

**IT IS FINALLY ORDERED** that the parties shall notify the Court within **fourteen (14) days** after arbitration concludes and advise the Court whether any further proceedings are necessary.

Dated this 6th day of October, 2026.



John C. Hinderaker
United States District Judge